UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| GEORGE WAYNE BURWELL, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:09-CV-386-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| KAREN F. HOGSTEN, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

George Wayne Burwell is in the custody of the Federal Bureau of Prisons ("BOP") and confined in the Federal Correctional Institution in Manchester, Kentucky. He has initiated the instant habeas proceeding pursuant to 28 U.S.C. § 2241 and paid the District Court filing fee. The Petition is now before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002).[1] For the reasons set forth below, this matter will be dismissed.

**I.**

According to the Fourth Circuit in *United States v. Burwell*, 162 F. App'x 203, 2006 WL 10891, \*\*1 (4th Cir. 2006) (unpublished), a jury convicted Gregory W. Burwell of three counts of conspiracy to interfere with commerce by violence, in violation of 18 U.S.C. § 1951, two counts of actual interference with commerce by violence, in violation of 18 U.S.C. § 1951, and two

---

[1] As Burwell is appearing *pro se*, his Petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But if the Court determines that the petition fails to establish adequate grounds for relief, it may dismiss the petition or make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

counts of use of a firearm during the commission of a crime of violence, in violation of 18 U.S.C.A. § 924(c).  The district court sentenced Burwell under the federal sentencing guidelines to 168 months of incarceration on the § 1951 charges and consecutive sentences of 84 months and 300 months on the two firearm charges, for a total sentence of 552 months.

On appeal, Burwell challenged the sufficiency of the evidence to support his convictions and challenged his sentence on the ground that it was erroneously enhanced by facts found by the district court judge, in violation of *United States v. Booker,* 543 U.S. 220 (2005).  The appellate court affirmed the convictions but vacated his sentence and remanded for resentencing.  The Petitioner alleges that on April 7, 2006, he was resentenced to 481 months imprisonment.

A short time later, Petitioner brought a Motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  The trial court denied the Motion and also denied him a certificate of appealability, which the appellate court affirmed.  *United States v. Burwell*, 304 F. App'x 185, 2008 WL 5377895 (4th Cir. 2008) (unpublished), *cert. denied*, 129 S. Ct. 2067 (2009).  There is no indication of the issues raised in that proceeding.

**II.**

In his Petition and lengthy Memorandum of Law [Record No. 2] herein, Burwell acknowledges that it would be difficult to bring a successive Section 2255 Motion to the trial court.  Therefore, he states, he seeks to use this Court's 28 U.S.C. § 2241 jurisdiction to challenge his convictions.  He contends that this use of Section 2241 is appropriate under highly exceptional circumstances, which he claims to present in this case, as he is purportedly actually innocent of criminal conduct.

Burwell specifically states that it is his intent "to challenge counts Three and Nine of the

2

superseeding [sic] indictment and [the] subject matter jurisdiction" of the trial court. He insists that Counts Three and Nine, *i.e.*, the counts charging firearms violations under 18 U.S.C. § 924(c) in relation to a crime of violence, are insufficient to charge him with a criminal offense and he attaches copies of these portions of the indictment. He has written, "Possession of a firearm during and in relation to a crime of violence is an erroneous, non-existent-crime." Therefore, he concludes, the trial court lacked jurisdiction to convict or sentence him.

### III.

Contrary to Petitioner's arguments, the Court finds that he has not met the threshold for using Section 2241 to attack his conviction or sentence. The general rule is that 28 U.S.C. § 2241 permits challenges to official action affecting execution of sentence, such as the computation of sentence credits or parole eligibility. *United States* v. *Jalili,* 925 F.2d 889, 894 (6th Cir. 1999). It is 28 U.S.C. § 2254 for state prisoners or § 2255 for federal prisoners which relate to conviction and/or imposition of sentence. *See DeSimone v. Lacy,* 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States,* 593 F.2d 766, 770-71 (6th Cir. 1979).

Accordingly, a federal prisoner, such as the instant Petitioner, must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi* v. *Pontesso,* 135 F.3d 1122, 1123 (6th Cir. 2003). However, a portion of Section 2255, commonly called "the savings clause," permits a prisoner to seek habeas corpus relief from the court in the district where he is confined under Section 2241, if he can demonstrate that his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e).

Case law has developed interpreting the language in the savings clause. *See Charles v.*

*Chandler,* 180 F.3d 753, 756-58 (6th Cir. 1999).  Section 2255 is not rendered an "inadequate and ineffective" remedy where the prisoner had an earlier unsuccessful Section 2255 motion, or after he has been denied permission to bring a successive motion, or when he has let the one-year statute of limitations run before bringing a Section 2255 motion.  *Id.* at 757.  Nor is the remedy under Section 2241 an additional, alterative or supplemental remedy to a remedy under Section 2255.  *Id.* at 758.  Moreover, it is the Petitioner's burden to demonstrate the ineffectiveness or inadequacy of the Section 2255 remedy.  *Id.*; *see also United States v. Prevatte,* 300 F.3d 792, 800 (7th Cir. 2002).

Further, in addition to demonstrating that the remedy via Section 2255 is inadequate or ineffective, the appellate court in this circuit has imposed another requirement for use of the savings clause, a requirement which is also not met in this case.  The prisoner seeking to use Section 2241 must also have a claim of "actual innocence."  *Martin v. Perez,* 319 F.3d 799 (6th Cir. 2003).  Actual innocence means factual innocence, which is also explained by the Sixth Circuit to mean innocence of criminal conduct.  *Id.* at 805.

An actual innocence claim arises when a prisoner was convicted under a criminal statute whose terms were thereafter interpreted by the United States Supreme Court in such a way that there is a risk that the Petitioner was convicted of conduct that the law does not make illegal.  *Id.*  Hence, it is only by an intervening Supreme Court decision defining the criminal statute that a petitioner can be rendered "actually innocent" of the crime for which he was convicted, so as to qualify to use Section 2241 jurisdiction.

Regardless of whether the Petitioner's claims have any merit, they cannot go forward for examination by the Court because the Petitioner has not demonstrated that his remedy via

Section 2255 is inadequate or ineffective. Nor has he demonstrated that he is actually innocent of the challenged firearm offenses under an intervening Supreme Court opinion interpreting the terms of the criminal statute. The Court, therefore, finds that the instant Petitioner fails to reach the high threshold of *Charles* and *Martin*.

**IV.**

Accordingly, in light of the foregoing, **IT IS ORDERED** as follows:

(1)     George Wayne Burwell's Petition for Writ of Habeas Corpus is **DENIED**;

(2)     This action is **DISMISSED**, *sua sponte*, from the docket of this Court; and

(3)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This the 17th day of December, 2009.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge